THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. §2254

CAPITAL CASE

Prisoner's name:  Donald Dillbeck
Prisoner's number: 068610

Place of Confinement: Union Correctional Institution
Raiford, Florida, Death Row

**DONALD DAVID DILLBECK,**
    Inmate #068610,

4:07cv388-SPM

        Petitioner,

  -vs.-                    CASE NO. _____

**JAMES McDONOUGH,**
Secretary, Florida, Department of
Corrections, and **BILL McCOLLUM,**
Attorney General of Florida,

          Respondents.

## PETITION UNDER 28 U.S.C. §2254 BY A PERSON IN CUSTODY PURSUANT TO A STATE COURT JUDGMENT

1.    **Name and location of Court which entered the judgment of conviction and sentence under attack:**  Circuit Court, Second Judicial Circuit, Leon County, Florida.    Case No.: 90-2795-CF

2.    **Date of judgment of conviction and sentence under attack:**
        March 15, 1991

3.    **Length of sentence:**
        Death Sentence, Two Life Sentences

4.    **Nature of offense for which Petitioner was convicted:**
        First Degree Murder, Armed Robbery, Armed Burglary

**5.      What was the plea?**
Not Guilty

**6.      What kind of trial?**
12 person jury trial

**7.      Did Petitioner testify at the trial?**
Yes

**8.      Did Petitioner appeal from the judgment of the conviction?**
Yes

**9.      If Petitioner did appeal, answer the following:**

**(a)      Name of Court:**      Florida Supreme Court

**(b)      Result:**      Judgment and Sentence Affirmed

**(c)      Date of opinion and mandate:**
Opinion: 04/21/94          Mandate: 11/16/94

**(d)      Did Petitioner file a petition for rehearing?**
Yes. Rehearing Denied 08/18/94

**(e)      Did Petitioner file petition for writ of certiorari?**
Yes. Certiorari Denied 03/20/95

**10.      Other than the direct appeal, has Petitioner previously filed any petitions, applications or motions with respect to this judgment in state court?**
Yes

**11.      If the answer to 10 was "yes," give the following information:**

**(a)      (1)      Name of court:**      Circuit Court, Second Judicial Circuit, Leon County, Florida

**(2)      Date filed:**      April 23, 1997

**(3)      Nature of proceeding:**
Post Conviction Motion to Vacate and simultaneously filed Petition for Writ of Habeas Corpus

(4)   **Grounds raised:**   Ineffective assistance of counsel;

                   Capital sentencing statute unconstitutional under *Ring v Arizona*.

(5)   **Did Petitioner receive an evidentiary hearing on the petition, application or motion :** Yes

(6)   **Result:**   All relief denied.

(7)   **Date of result:**   Filed 05/03/02, revised order after remand 07/15/05

(b)   **Did Petitioner appeal the result?**   Yes

**If yes, give the result and date of the opinion and mandate (include So.2d citation, if known).**   Denied in part and remanded 08/26/04, 882 So.2d 969 (2004); On review after remand, all relief denied 05/10/07, 2007 Fla. Lexis 845.

(c)   **If Petitioner did not appeal the result, explain briefly why not.**

12.   **Did Petitioner file any other petitions or motions in state court aside from those described above?**   Petition for Habeas Corpus relief

13.   **Has Petitioner previously filed a §2254 petition, or other pleading regarding the validity of his state court confinement, in any federal court?**   No

14.   **In the spaces below, set forth all grounds on which Petitioner claims that he is being held in violation of the Constitution, laws or treaties of the Unites States.**

(a)   **Ground One:** Petitioner was denied constitutionally effective assistance of counsel at his trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

### Supporting Facts

Although there was substantial pretrial publicity regarding the petitioner's charged crime and his prior criminal history, defense counsel never sought a change of venue. During voir dire, almost every one on the panel had seen news reports about the case and had opinions about the case, yet counsel failed to challenge these jurors.

During trial, defense counsel conceded the defendant's guilt without an express waiver from the defendant. The trial judge conducted no inquiry of the defendant regarding his understanding or consent to this concession by defense counsel.

During the sentencing phase of the trial, defense counsel conceded a key aggravating circumstance - that the murder was heinous, atrocious and cruel. This concession was without an express waiver from the defendant. The trial judge conducted no inquiry of the defendant regarding his understanding or consent to this concession by defense counsel.

During the sentencing phase of the trial, defense counsel introduced evidence of defendant's prior uncharged misconduct and matters that defense counsel described as "terrible things" that the defendant had done earlier in life

**(b)**     **Ground Two:** Florida's procedural scheme for sentencing in capital cases denied the petitioner is constitutional rights as guaranteed by the Sixth, Eighth and Fourteenth amendments to the United States Constitution.

## Supporting Facts

Florida's capital sentencing scheme makes the imposition of the death penalty contingent upon factual findings of the judge rather than a jury as required by the Sixth Amendment. Also, Florida law does not require a unanimous jury verdict for determination of aggravating factors that have been proven beyond a reasonable doubt.

The indictment in this case does not allege any aggravating factors and neither the verdict in the guilt phase nor in the sentencing phase sets out which aggravating factors were found by the jury to be proven beyond a reasonable doubt.

The Florida capital sentencing scheme does not narrow the class of death eligible defendants and thus subjects defendants to arbitrary and capricious imposition of the death penalty in violation of the Eighth Amendment.

Did Petitioner raise this claim in state court by direct appeal, 3.850 motion, or otherwise?   Yes

**If yes, explain how it was raised.**   By 3.850 motion followed by direct appeal to the Florida Supreme Court.

15.   **What relief does Petitioner seek from this Court if the §2254 petition is granted?**

The Court is requested to take jurisdiction in this cause, require the respondent to answer this habeas corpus petition, order an evidentiary hearing on Petitioner's claims, grant the petition, issue the writ of habeas corpus, reverse and set aside the judgments of guilt and the death sentence as well as the life sentences, order the respondent and the state of Florida to grant petitioner a new trial and to grant such other relief as may appear appropriate.

**Wherefore, Petitioner prays that the Court grant all relief to which he may be entitled in this proceeding.**

Respectfully submitted,

George W. Blow, III
Florida Bar No. 320501
Law Offices of George W. Blow & Assoc.
106 White Avenue SE, Suite C
Live Oak, Florida 32064
Telephone 386-362-6930
Facsimile 386-362-6194

STATE OF FLORIDA

COUNTY OF UNION

    I, DONALD DILLBECK, declare under penalty of perjury that the foregoing is true and correct.

    Dated this __7th__ day of _September, 2007_

                                  _Donald Dillbeck_

                                  **DONALD DILLBECK**
                                  **Inmate #068610**
                                  **Union Correctional Institution**
                                  **7819 Northwest 228th Street**
                                  **Raiford, Florida   32026**