# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DONALD DAVID DILLBECK,**
       **Petitioner,**

**v.**                                                    **CASE NO.:   4:07-cv-388-SPM**

**WALTER A. McNEIL,**
       **Secretary, Fla. Dept. of Corrections, et al.,**
       **Respondents.**
_____/

## ORDER ON LIMITED REMAND

This matter is before the court on limited remand for reconsideration of the denial of Petitioner's argument for the application of equitable tolling to three claims included in his amended habeas petition which were found to be untimely and whether the denial of Petitioner's equitable tolling argument is debatable among jurists of reason in light of the Supreme Court's recent decision in *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 177 L. Ed.2d 130  (2010).  *See* doc. 29.

## BACKGROUND

Petitioner filed an original petition for a writ of habeas corpus on September 7, 2007.  Doc. 1.  He thereafter moved for the appointment of new counsel who requested leave to file an amended petition.  *See* docs. 4 & 8.  The motion for leave to amend was granted on November 27, 2007.  Doc. 11.  In his amended petition (doc. 12),  Petitioner raised three new claims which Respondents argued did not "relate back" to his original petition, and Respondents moved to dismiss the claims. *See* doc. 13.  In his response to the motion to dismiss, Petitioner addressed Respondents' argument on the application of the principle of "relation back." *See Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). In addition, Petitioner also argued that amendment was warranted on the basis of equitable tolling because of the meagerness of his original counsel's pleadings.  Petitioner

elaborated as follows:

> Unfortunately, the original habeas counsel filed a meager original petition six pages in length that included less than two pages of supporting facts and no caselaw; whereas, Respondent filed an answer 124 pages in length.  Liberal amendment should be allowed to offset this obvious travesty.  Mr. Dillbeck repeatedly asked counsel to file a more expansive petition and undersigned counsel offered to accept appointment and/or write the habeas petition prior to the original petition being filed to no avail.  The meagerness of the original petition was not the fault of Petitioner as he requested a more expanded petition from his appointed counsel. . . . Therefore, it was perfectly understandable that Mr. Dillbeck would rely upon this registry attorney to file a fully pled habeas petition and thereafter seek appointment [of] a qualified replacement.  Mr. Dillbeck should therefore not be punished for something outside of his control.

Doc. 14 at 4-5.  After considering the matter, I determined that the three new claims did not "relate back" to the original petition and that equitable tolling was not warranted and dismissed the claims.  Doc. 16. Thereafter, I denied habeas relief on the remaining claims in Petitioner's amended petition.  Doc.  19.

Petitioner then filed a motion for reconsideration of the denial of the habeas petition.  Doc. 21.  In this motion, Petitioner contended that jurists of reason would find the resolution of his equitable tolling argument debatable based on the Supreme Court's grant of certiorari in *Holland v. Florida*, 539 F.3d 1334  (11th Cir. 2008), *cert. granted*, 130 S. Ct. 398 (2009).  He stated, "Mr. Dillbeck asserted *negligence* on the part of his original Florida registry appointed counsel on the basis that counsel filed a meager original petition six pages in length that included less than two pages of supporting facts and no caselaw; and that Mr. Dillbeck repeatedly asked counsel to file a more expansive petition."  Doc. 21 at 16 (emphasis added).  The motion for reconsideration was denied.  Doc. 23.

## ANALYSIS

The Supreme Court recently ruled in *Holland v. Florida*, *supra*, that the Eleventh Circuit Court of Appeal's determination that even an attorney's gross negligence did not warrant equitable tolling absent "bad faith, dishonesty, divided

loyalty, mental impairment, or so forth on the lawyer's part," was too limited a standard to be applied in these cases. *Holland*, 130 S. Ct. at 2563 (quoting *Holland v. Florida*, 539 F.3d at 1339). The Court reiterated, however, that a "garden variety claim of excusable neglect," such as the miscalculation of a deadline, would not warrant the application of equitable tolling. *Id.* at 2564 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453,112 L. Ed.2d 435 (1990)). The Court noted that it had previously made clear that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1815, 161 L. Ed. 2d 669 (2005)). Equitable tolling is generally limited to rare and exceptional circumstances. *See Helton v. Sec'y for Dep't of Corr.*, 233 F.3d 1322, 1325 (11th Cir.2000). In *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 166 L. Ed.2d 924 (2007), for instance, the Court expressly rejected the petitioner's contention that his counsel's mistake in miscalculating the limitations period entitled him to equitable tolling. "Attorney miscalculation," the Court held, "is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Id.*, 549 U.S. at 336-337 (citing *Coleman v. Thompson*, 501 U.S. 722, 756-757, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991)).

The analysis in these cases is necessarily fact-sensitive, and the Court in *Holland* remanded the case for reconsideration in light of its ruling, but it noted that the facts suggested that Holland's attorney's conduct might constitute an extraordinary circumstance. The Court summarized the facts briefly as follows:

> To be sure, [attorney] Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired–two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper

filing date, despite Holland's letters that went so far as to identify the applicable legal rules.  Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information.  And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 2564.   In this case, Petitioner's factual support for the "extraordinary" conduct of his original counsel is that he filed a "meager" 6-page petition lacking sufficient detail and case law support.  This alleged conduct falls far short of constituting an extraordinary circumstance for purposes of equitable tolling.   Petitioner's allegations go to his original habeas counsel's possible incompetence, which is not a basis for equitable tolling.   "Mere attorney negligence does not justify equitable tolling." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  *See also Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005)("Making the most of a novel argument, Lawrence posits that the State's provision to him of an incompetent attorney justifies the imposition of equitable tolling. This is not an extraordinary circumstance that warrants the application of equitable tolling").[1]  Petitioner himself characterized his original counsel's conduct as negligent without any assertion that his counsel's failure to include the additional claims at issue involved anything greater than simple negligence at most. *See* doc. 21 at 16. He has not asserted that any affirmative misrepresentations were made to him regarding the omitted claims or that his counsel's failure to include them in the original petition was due to anything other than incompetence.

　　　Furthermore, making a decision about what issues to raise on appeal involves

---

[1]Other circuit courts of appeal which have addressed attorney incompetence in this context have also found that it is not an extraordinary circumstance warranting equitable tolling. *See Merritt v. Blaine,* 326 F.3d 157, 169 (3d Cir.2003) (applying the general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (internal quotation marks omitted))*; Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir.2003) (*en banc*); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2003) ("Ineffective assistance of counsel generally does not warrant equitable tolling"); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir.1999) (attorney's inadequate research, which led to miscalculation of federal deadline, did not warrant equitable tolling).

the process of winnowing out weaker claims in favor of stronger ones, so Petitioner has failed to make a sufficient case of incompetence in as much as he has not argued that the omitted claims were more meritorious than those that were actually raised.  *See Jones v. Barnes*, 463 U.S. 745, 752, 103 S. Ct. 3308, 77 L. Ed.2d 987 (1983).   Also, Petitioner's original habeas petition contained two substantive grounds for relief.  One ground was that Florida's sentencing scheme is unconstitutional under *Ring v. Arizona*[2] and the other ground was that his counsel was ineffective in five specified instances, including failing to move for a change of venue, failing to challenge jurors based on pretrial publicity, conceding Petitioner's guilt, conceding the heinous, atrocious and cruel aggravator, and failing to object to the admission of evidence regarding an uncharged prior attempted murder during the penalty phase. *See* doc. 1 at 3-4.  While the original petition did not contain legal authority, the Respondents filed a 124-page answer in response to the claims  which demonstrates that the claims raised were sufficient to put the opposing party on notice as to the issues and necessitated a lengthy answer in opposition.

The Court's decision in *Holland* did not disturb the principle that simple negligence is insufficient to constitute an extraordinary circumstance that entitles a petitioner to equitable tolling.[3]  While Justice Alito's concurrence in *Holland* posits that attorney negligence, styled either as simple or gross, may not provide a basis for equitable tolling and proposes the application of the principles of agency law to these cases, Petitioner would not benefit from this analysis either.  *See Holland*, 130 S. Ct. at 2567-68 (Alito, J., concurring). In Petitioner's case there is no allegation or factual demonstration that his original counsel abandoned him or was acting outside the agency relationship such that any error should not be attributable to Petitioner.

---

[2] 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002).

[3] The Court specifically noted that it was not considering a "garden variety claim" of attorney negligence, but only addressing the more serious instances of attorney misconduct alleged in *Holland*. *See Holland*, 130 S. Ct. 2549, 2564 (2010).

There is no evidence that original counsel failed to communicate with Petitioner or failed to act on his behalf in any meaningful way. The failure to include some claims, which may have been meritless in counsel's opinion, in an otherwise timely petition does not rise to the level of abandonment for purposes of agency law. Therefore, under the principles of agency, holding Petitioner constructively responsible for his counsel's conduct is not inequitable.

Finally, Petitioner has also failed to establish the requisite diligence which is required to establish excusable neglect. While Petitioner alleges that he repeatedly asked his counsel to file a more expansive pleading, he provided no evidentiary support for this assertion nor in fact did he allege that he specifically asked that the omitted claims be included in the original petition.

Based on the foregoing analysis, I conclude that Petitioner has failed to assert any credible basis for equitable tolling of the limitations period on the three additional claims. There is no evidence in the record tending to show that Petitioner's delay in filing the three claims was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute.

Furthermore, I find that no reasonable jurist would find the denial of equitable tolling debatable in this case. I conclude that petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability on this issue should have been denied. *See Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000)(to obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve

encouragement to proceed further.'" (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S. Ct. 3383, 3394, n. 4, 77 L. Ed.2d 1090 (1983)).

Accordingly, it is ORDERED:

In light of the Supreme Court's recent decision in *Holland v. Florida, supra,* the denial of Petitioner's argument for the application of equitable tolling to three claims included in his amended habeas petition which were found to be untimely is not debatable among jurists of reason.  Therefore, Petitioner has not made a substantial showing of the denial of a constitutional right and no certificate of appealability should issue.

DONE AND ORDERED this <u>seventh</u> day of October, 2010.


*s/ Stephan P. Mickle*
**Stephan P. Mickle**
**Chief United States District Judge**