IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD DAVID DILLBECK,

        Petitioner,

v.                                                                                    Case No. 4:07-cv-388-MW

RICKY D. DIXON,                                                     **CAPITAL CASE**
FLORIDA DEPARTMENT
OF CORRECTIONS,

        Respondent.
_____/

**EMERGENCY/EXPEDITED MOTION TO PERMIT CAPITAL
HABEAS UNIT COUNSEL TO APPEAR IN STATE COURT**

Petitioner moves for an order permitting the Capital Habeas Unit ("CHU") of the Office of the Federal Public Defender to appear in state court to assist in Petitioner's time-sensitive death warrant litigation that may implicate federal constitutional arguments regarding Petitioner's convictions and death sentence.[1] On Monday, Petitioner's death warrant was signed and his execution has been scheduled for February 23, 2023. Allowing the CHU to appear in state court to assist in Petitioner's death warrant litigation and to seek a stay of execution is consistent with

---

[1] Petitioner files this motion pursuant to Local Rule 7.1(L) ("A motion that requires a ruling more promptly than would occur in the ordinary course of business may be labeled an emergency."). In accordance with the rule, counsel will orally advise the Clerk's office that the emergency motion has been filed. *Id.*

1

18 U.S.C. § 3599 and this Court's orders in *Hutchinson v. Jones*, No. 3:13-cv-128. This motion is also in the interests of justice.

## I.  Background

In 1991, Petitioner was convicted of murder and related crimes in a Florida court. The jury recommended the death penalty by a vote of 8 to 4. The trial court sentenced Petitioner to death after finding aggravation, including that, at the time of the capital offense, Petitioner was serving a life sentence for a prior capital felony committed in 1979 when Petitioner was 15 years old. *Dillbeck v. State*, 643 So. 2d 1027, 1028 n.1 (Fla. 1994). That aggravator was also argued to the jury.

The Florida Supreme Court affirmed Petitioner's conviction and death sentence on direct appeal. *Id.*, *cert. denied*, 514 U.S. 1022 (1995). Petitioner's initial efforts at state post-conviction relief failed. *Dillbeck v. State*, 964 So. 2d 95 (Fla. 2007); *Dillbeck v. State*, 168 So. 3d 224 (Fla. 2015). Petitioner's federal habeas petition, filed by prior counsel, was denied on the merits, ECF No. 19, and no certificate of appealability was issued, ECF Nos. 29, 33.

In 2016, this Court appointed the CHU to represent Petitioner under § 3599. ECF No. 38. The CHU thereafter coordinated with state-appointed counsel, who filed a successive state post-conviction motion seeking relief from Petitioner's death sentence under *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So.

2

3d 40 (Fla. 2016). In 2018, the Florida Supreme Court affirmed the trial court's denial of that motion. *Dillbeck v. State*, 234 So. 3d 558 (Fla. 2018).

On April 5, 2018, in an emergency motion, Petitioner requested that this Court authorize the CHU to appear in state court in order to litigate issues relating to Petitioner's juvenile life sentence, ECF No. 44. That same day, this Court granted Petitioner's motion holding: "The Capital Habeas Unit may pursue state court relief under *Miller* and *Atwell*, and may litigate any issue arising from the *Atwell* proceeding that might implicate the death penalty." ECF No. 45. While this Court denied Respondent's Motion for Clarification, ECF Nos. 46, 50, with assistance from the CHU, Petitioner ultimately secured counsel to litigate issues related to *Atwell*. The CHU then moved this Court for an order to end the authorization of its representation before the state courts, ECF No. 56. Because Respondent had filed a notice of appeal as to this Court's order granting the CHU authorization to appear before the state courts, the motion was dismissed, ECF No. 61.

On July 11, 2018, the Eleventh Circuit Court of Appeals dismissed the appeal reasoning that the issue was moot as neither party disagreed that Mr. Dillbeck had secured *pro bono* counsel to represent him before the state court, ECF No. 63.

As this Court is aware, authorization from a district judge is not required for ancillary state-court proceedings, ministerial matters, or when seeking a stay of execution in cases where a death warrant is in effect or execution might be imminent;

in such instances, the CHU is already authorized under Administrative Office of the United States Courts and Defender Services protocols. However, in an abundance of caution, the CHU seeks this Court's authorization to appear before the state courts in Petitioner's capital and non-capital proceedings, if necessary, to assist with the death warrant litigation and in seeking a stay of execution.[2]

## II. Petitioner's death warrant litigation and imminent execution date compel authorization for the CHU to assist in the state court proceedings

Petitioner's execution is scheduled for February 23, 2023, a mere 31 days after his death warrant was signed. The Florida Supreme Court has issued a scheduling order, *see* Attachment A, and a case management conference has been scheduled for today. *See* Attachment B. Death warrant litigation generally encompasses an entire round of litigation before the state courts of constitutional issues that are then litigated before the federal courts. The litigation is time consuming and requires maximum effort from a team of lawyers, investigators and support staff.

---

[2] In the 2018 death warrant litigation for Eric Branch, the CHU appeared along with state court counsel without obtaining an order from this Court which is consistent with the language in § 3599 and DSO protocols. *See State v. Branch*, Escambia County Case No. 1993-CF-870-A. To the best of undersigned's knowledge, the State did not contest the CHU's appearance in either state court or seek any redress from the federal courts. However, in this case, the State complained that the CHU had attended a hearing in state court on a previous matter not under warrant. In addressing the issue, this Court cautioned the CHU that it may not handle Petitioner's substantive state court matters. ECF No. 43 at 2. Thus, in an abundance of caution, the CHU files the instant motion.

Petitioner is currently represented before the Florida state courts by Baya Harrison, pursuant to Fla. Stat. § 27.710. This Court may authorize the CHU to appear in state court to assist in Petitioner's representation. This Court appointed the CHU to represent Petitioner under § 3599, which provides that counsel appointed for a state prisoner's federal habeas case shall "represent the [petitioner] throughout every subsequent stage of available judicial proceedings," including "all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures," and "such competency proceedings and proceedings for executive or other clemency as may be available," except upon a defense motion for substitution of "similarly qualified counsel." Here, assisting with Mr. Dillbeck's death warrant litigation and requesting a stay of execution is an important component of Petitioner's post-conviction process. And, likely claims that will be brought before the state courts will proceed to this Court and the United States Supreme Court.

## III. Conclusion

The Court should issue an order permitting the CHU to assist with Petitioner's death warrant litigation and seek a stay of execution.

                                              Respectfully submitted,

                                              /s/ Linda McDermott
                                              Linda McDermott
                                              FBN 0102857

Chief, Capital Habeas Unit<br>
Office of the Federal Public Defender<br>
Northern District of Florida<br>
227 N. Bronough St., Suite 4200<br>
Tallahassee, FL 32301-1300<br>
linda_mcdermott@fd.org<br>
(850) 322-2172

## CERTIFICATE OF COMPLIANCE WITH ATTORNEY CONFERENCE REQUIREMENT

I hereby certify that I complied with the attorney-conference requirement set forth in Local Rule 7.1(B). I contacted Senior Assistant Attorney General Charmaine Millsaps, counsel for Respondent, regarding her position on this motion. Ms. Millsaps objects.

/s/ Linda McDermott
Linda McDermott

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I hereby certify that this motion contains 1269 words, in compliance with Local Rule 7.1(F).

/s/ Linda McDermott
Linda McDermott

**ATTACHMENT A**

# Supreme Court of Florida

MONDAY, JANUARY 23, 2023

**CASE NO.: SC77752**
Lower Tribunal No(s).:
371990CF002795AXXXXX

| DONALD DAVID DILLBECK | vs. | STATE OF FLORIDA |
|---|---|---|
| Appellant(s) | | Appellee(s) |

Because the Governor has signed a death warrant for the execution of Donald David Dillbeck at 6:00 p.m., February 23, 2023, we direct that all further proceedings in this case be expedited.

The proceedings pending in the trial court, if any, shall be completed and orders entered by 3:00 p.m., Tuesday, February 07, 2023.

We hereby set the following briefing schedule for any proceeding that may come before this Court. The notice of appeal shall be filed by 10:00 a.m., Wednesday, February 08, 2023. The record on appeal shall be filed by 3:00 p.m., Wednesday, February 08, 2023. The initial brief on the merits shall be filed by 3:00 p.m., Friday, February 10, 2023. The answer brief on the merits shall be filed by 3:00 p.m., Monday, February 13, 2023. The reply brief on the merits shall be filed by 3:00 p.m., Tuesday, February 14, 2023. Oral argument, if necessary, will be scheduled at a later date.

Copies of any pleadings filed by counsel in the trial court and the federal courts shall be served simultaneously with filing in the other courts to the following address: warrant@flcourts.org.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

**CASE NO.:** SC77752
Page Two


kc
Served:

CAROLYN M. SNURKOWSKI
CHARMAINE M. MILLSAPS
EDDIE D. EVANS
HON. GWEN MARSHALL, CLERK
HON. JONATHAN ERIC SJOSTROM, CHIEF JUDGE
BAYA HARRISON
LINDA MCDERMOTT

# ATTACHMENT B

IN THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

**EXECUTION SCHEDULED FOR**
**FEBRUARY 23, 2023 @ 6:00 p.m.**

**PROCEEDINGS IN TRIAL COURT MUST BE COMPLETED**
**BY TUESDAY, FEBRUARY 7, 2023 @ 3:00 p.m.**

STATE OF FLORIDA,

    *Plaintiff*,

v.                                                                                  CASE NO. 1990-CF-2795
                                                                                    ACTIVE CAPITAL CASE

DONALD DAVID DILLBECK

    *Defendant.*

_____/

**NOTICE OF HEARING ON WEDNESDAY, JANUARY 25, 2023**

    On Monday, January 23, 2023, the Florida Supreme Court issued an scheduling order in this capital case with an active death warrant. The trial court has scheduled a case management conference to establish a schedule for the trial court proceedings so that the proceedings will be completed by Tuesday, February 7, 2023, as ordered by the Florida Supreme Court. The hearing is scheduled for Wednesday, January 25, 2023, at 1:30 p.m. E.S.T. in Courtroom 3C of the Leon County Courthouse, 301 South Monroe Street, Tallahassee, Fl 32301. All attorneys are required to appear in person.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL OF FLORIDA

/s/ *Charmaine Millsaps*
CHARMAINE M. MILLSAPS
SENIOR ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 0989134
OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL, PL-01
TALLAHASSEE, FL 32399-1050
(850) 414-3300
primary email:
capapp@myfloridalegal.com
secondary email:
charmaine.millsaps@myfloridalegal.com

/s/ *Jason W. Rodriguez*
JASON W. RODRIGUEZ
ASSISTANT ATTORNEY GENERAL
FLORIDA BAR NO. 125285
OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL, PL-01
TALLAHASSEE, FL 32399-1050
(850) 414-3300
primary email:
capapp@myfloridalegal.com
secondary email:
jason.rodriguez@myfloridalegal.com

CO-COUNSEL FOR THE STATE

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing NOTICE OF HEARING ON WEDNESDAY, JANUARY 25, 2023 has been furnished via the eportal to BAYA HARRISON III, P.O. Box 102, 736 Silver Lake Rd, Monticello, FL 32345, phone: 850-997-8469; email: bayalaw@aol.com and LINDA McDERMOTT, Chief, Capital Habeas Unit of the Office of the Federal Public Defender of the Northern District of Florida, 227 N. Bronough Street, Suite 4200, Tallahassee, FL 33301; phone: (850) 942-8818; email: Linda_Mcdermott@fd.org this __24th__ day of January, 2023.

                                                             /s/ *Charmaine Millsaps*
                                                             Charmaine M. Millsaps
                                                             Attorney for the State of Florida