IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DONALD DAVID DILLBECK,**

    *Petitioner*,

v.                                          Case No.:   4:07cv388-MW

**RICKY D. DIXON, FLORIDA
DEPARTMENT OF CORRECTIONS,**

    *Respondent*.

_____/

## ORDER GRANTING AUTHORIZATION

This Court has considered, without hearing, Petitioner's emergency motion to permit Capital Habeas Unit ("CHU") counsel to appear in state court, ECF No. 66, and both Petitioner's and Respondent's expedited responses, ECF Nos. 70 and 71.

Notwithstanding Respondent's objection, Petitioner's motion to authorize the expansion of the scope of appointed CHU counsel ECF No. 66, is **GRANTED**. Petitioner asserts that Respondent lacks standing to object to CHU counsel's representation of Petitioner in his death warrant litigation, citing the binding majority opinion in *Booker v. Secretary, Florida Department of Corrections*, 22 F.4th 954 (2022). This Court agrees.

Setting aside whether Respondent has standing to object to CHU counsel's authorization to represent Petitioner in his death warrant litigation, the pertinent question before this Court is whether there is a legal basis to authorize the expansion

of the scope of CHU counsel's representation. Notwithstanding Petitioner's arguments to the contrary, this Court finds Judge Lagoa's special concurrence in *Booker* to be persuasive and thus undergoes a case-by-case determination as to whether it is appropriate to authorize CHU counsel's representation in Petitioner's state court proceedings in the course of his federal habeas representation. This Court recognizes that it may not be appropriate to authorize CHU counsel to represent a federal habeas petitioner in their state court proceedings—for example, if a large national law firm has undertaken pro bono representation of a petitioner in his state court proceedings, this Court would likely view CHU counsel's motion requesting authorization in a different light given the resources available, support staff, and team of lawyers already working on behalf of the petitioner in state court. But here, in light of the unique circumstances of this case, this Court finds that Petitioner's current representation before the Florida state courts by Baya Harrison, pursuant to section 27.710, Florida Statues, to be inadequate under the unique circumstances of this case.

The circumstances are these. Petitioner notes that he is currently represented before the Florida state courts by Mr. Harrison, who is currently expected to complete all of the litigation before the Florida circuit court and briefing before the Florida Supreme Court in only seventeen days. This is a demanding schedule for any lawyer—even more so when you are a solo practitioner without support.

Moreover, the undersigned is familiar with Mr. Harrison, who appeared before the undersigned on many occasions over ten years ago when the undersigned was a state court judge. This Court is also familiar with the fast-paced and demanding nature of death warrant litigation, given that this Court has heard other death warrant cases during the undersigned's time on the federal bench. Accordingly, this Court recognizes that Mr. Harrison, who is a solo practitioner, lacks the support staff and team of partners and associates who could assist with the extraordinary demands of the undertaking to which he has been appointed. Indeed, Mr. Harrison has cited such concerns when moving for continuances when he had appeared before the undersigned in state court.

To be clear, this is not to say that Mr. Harrison is not a competent attorney. Instead, this Court finds, based on this Court's familiarity with Mr. Harrison, that his solo representation of Petitioner in this incredibly demanding state-court litigation is not sufficient to meet Petitioner's need for adequate representation. In addition, this Court finds persuasive the ABA Guidelines, cited in Petitioner's brief, noting that in *any* capital postconviction litigation, the defense team should consist of *no fewer* than two attorneys qualified I accordance with Guideline 5.1, an investigator, and a mitigation specialist.

Accordingly, given these considerations, along with the additional arguments Petitioner highlights in his brief—including myriad previous state-court

3

authorizations this Court and other federal district courts have made—and the absence of any objection from Mr. Harrison, I find that Petitioner is not adequately represented by his sole state-appointed counsel in state court and thus authorize the expansion of the scope of CHU counsel's appointment to include Petitioner's death warrant litigation in state court, to seek a stay of execution, and any potential litigation related to his 1979 conviction for homicide when he was 15 years old and which was used as an aggravator in his death penalty case.

**SO ORDERED on January 26, 2023.**

**s/Mark E. Walker**
**Chief United States District Judge**
